UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

HYESEON LEVITSKY

    Plaintiff,
v.

BAPTIST HEALTH SOUTH FLORIDA, INC.
d/b/a MIAMI CANCER INSTITUTE AT BAPTIST HEALTH, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Hyeseon Levitsky, by and through her undersigned counsel, sues the Defendant, BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a MIAMI CANCER INSTITUTE AT BAPTIST HEALTH, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MS. LEVITSKY under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq to redress injuries done to her by the Defendant, BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a MIAMI CANCER INSTITUTE AT BAPTIST HEALTH, INC.

2. The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

1

4. At all times material hereto, Plaintiff was an individual who had rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. At all times material hereto, Defendant was a covered employer within the meaning and contemplation of the FMLA, 29 U.S.C. §2611(4)(A), in that they employed more than 50 employees within a 75-mile radius in each calendar year.

7. Plaintiff was qualified for FMLA leave in that she had worked more than 1250 hours for Defendant in a twelve (12) month period immediately preceding her application for FMLA leave.

8. All conditions precedent to the maintenance of this action by Plaintiff have occurred or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Defendant hired Plaintiff in September 2021 as a Clinical Pharmacist II.

10. As a Clinical Pharmacist II, Plaintiff's primary duties and responsibilities included dispensing prescription medication.

11. Plaintiff was qualified for her position, based on her experience and training.

12. Plaintiff was scheduled to go on FMLA leave for four weeks due to cataract surgery starting June 28, 2022. Ms. Jessica Lemoine, Pharmacy Supervisor, approved this leave in the first week of May 2022. However, Defendant terminated Plaintiff on May 19, 2022 before she could take her leave, thus interfering with her right to FMLA leave.

13. Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action and is obligated to pay reasonable attorney's fees and all costs incurred in connection with this action.

## COUNT I: FMLA INTERFERENCE

14. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff had the right to request FMLA leave.

16. The Plaintiff qualified for FMLA leave. After Defendant approved the leave, but before the Plaintiff was scheduled to go on FMLA leave, Defendant terminated Plaintiff's employment. Defendant interfered with Plaintiff's right to take FMLA leave by terminating her employment.

17. When Defendant terminated Plaintiff before her scheduled FMLA leave, they interfered with Plaintiff's right to the requested leave, or its equivalent, and thus violated the FMLA.

18. As a direct result of the Defendant's interference with Plaintiff's right to use FMLA leave, she has suffered, and will continue to suffer, a loss of wages, employment benefits, and other compensation denied or lost to her by reason of Defendant's violation. Defendant's conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages, employment benefits, and other compensation.

19. Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant for her lost wages, employment benefits, and any other compensation denied or lost to

Plaintiff by reason of Defendant's violation of the FMLA, liquidated damages, equitable relief as this Court deems appropriate, Plaintiff's costs and attorney's fees, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT II: FMLA RETALIATION

20. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 13 as if fully set forth herein.

21. Plaintiff had the right to request FMLA leave.

22. The Plaintiff qualified for FMLA leave.

23. The Defendant terminated Plaintiff in retaliation for her request to take FMLA leave.

24. Plaintiff's termination constituted an adverse employment action.

25. Plaintiff's action in requesting her FMLA leave was "protected activity" under the FMLA.

26. Plaintiff's request for FMLA leave was, at a minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

27. Defendant's purported reason(s), if any, for terminating Plaintiff's employment are pretextual.

28. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer a loss of wages, employment benefits, and other compensation denied or lost to her by reason of Defendant's violation. Defendant's conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages salary, employment benefits, and other compensation.

29.     Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant for her lost wages, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, liquidated damages, equitable relief as this Court deems appropriate, Plaintiff's costs and attorney's fees, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of May, 2024

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff